# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1228
Lower Tribunal No. 17-25973
_____


**Esin Daniel Abia,**
Appellant,

vs.

**City of Opa-Locka,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

James H. Greason, for appellant.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Jeffrey L. Hochman and Hudson C. Gill (Fort Lauderdale), for appellee.


Before MILLER, LOBREE and BOKOR, JJ.

BOKOR, J.

Esin Daniel Abia appeals the trial court's entry of summary judgment in favor of the City of Opa-Locka on sovereign immunity grounds. Distilling a long and muddled procedural history, Abia and Opa-Locka settled Abia's wrongful termination lawsuit in 2012, based on an agreement for "full reinstatement of [Abia's] employment" with Opa-Locka. The trial court correctly notes that, based on sovereign immunity principles, Abia can't enforce implied rights or obligations absent from the contract. See Dist. Bd. of Trs. of Miami Dade Coll. v. Verdini, 339 So. 3d 413, 421 (Fla. 3d DCA 2022) (noting that sovereign immunity barred breach of contract claim absent "an express, written contractual obligation"). However, Opa-Locka cannot take the benefit of the settlement agreement—the dismissal of a lawsuit— and then later argue that the same agreement is unenforceable. See Pipeline Contractors, Inc. v. Keystone Airpark Auth., 276 So. 3d 436, 439 (Fla. 1st DCA 2019) ("Because they accepted the benefits of the contract through payment from KAA, Pipeline and Hanover were properly estopped from raising the argument that the contract was void in an attempt to avoid the burdens of the contract embodied by KAA's claims against them.").

Therefore, to the extent that Abia argues that Opa-Locka breached the settlement agreement by failing to reinstate him to an equivalent position with the same salary and benefits, and seeks damages based on the difference

2

between such salary and benefits promised and his actual salary and benefits post-reinstatement, such a claim is not barred by sovereign immunity. However, to the extent that Abia seeks damages for back pay for the time prior to reinstatement, such a claim would be barred as it is outside the express terms of the settlement agreement. See, e.g., Fla. Int'l Univ. Bd. of Trs. v. Alexandre, 365 So. 3d 436, 442 (Fla. 3d DCA 2023) (reversing class certification and requiring dismissal where "the operative complaint fails to incorporate any document or writing containing an express promise for FIU . . . to provide the claimed services"). Accordingly, we affirm the portion of the trial court's final summary judgment in favor of Opa-Locka to the extent that it bars Abia from seeking back pay prior to reinstatement but reverse to permit Abia's claim for breach based on the claimed failure to honor the requirement of "full re-instatement of [Abia's] employment."

Affirmed in part, reversed in part, and remanded for further proceedings.

3